## Wytheuille.

PERDUE'S ADM'R V. DILLON.

June 30th, 1892.

PERSONAL REPRESENTATIVES—*Deed of gift.*—Where intestate, in her life-time, by deed of gift, disposed of her entire personal property, so that there was nothing to go, or that did go, at her death, into the hands of her administrator—

HELD:

A bill against him for an accounting should have been dismissed.

Appeal from decree of circuit court of Franklin county, rendered October 28th, 1890, in the chancery cause wherein Robert M. Dillon and Alexander Dillon were complainants, and Mark Perdue, administrator of Nancy Ross, deceased, George W. English, and Nancy J., his wife, were defendants. The decree being adverse to the estate of Mark Perdue, who died pending the suit, his administrator, George E. Dennis, appealed. Opinion states the case.

*E. C. Burks,* for the appellant.

*P. H. Dillard,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellees against the appellant to have a settlement of the transactions of Mark Perdue, as personal representative of Nancy Ross, deceased, and for a settlement of the estate of the said Nancy Ross, deceased, and to have distribution of the said estate of the said Nancy Ross, deceased. And they exhibited with the bill a deed made by

the said Nancy Ross in 1863, four years before her death, by
which the grantor gave and granted all of her money, after
all of her just debts and expenses were paid, and all the money
due her on bonds and notes, after the collection of the same,
one half to Catherine Perdue, the wife of the said Mark
Perdue, out of which she, Catherine Perdue, was to pay the
expenses of the grantor during the residue of the life of the
grantor, and, after her death, (that is, the death of Catherine
Perdue,) such amounts to go to the children of the said Cathe-
rine, P. and Whittle Perdue (which children last named are
not made parties by the bill) ; and after the expenses of the
grantor had been paid, then the remaining one-half was given
and granted to Jane, Samuel H., Rolent, and Alexander
Dillon ; which said deed of gift, as the deed styles itself, was
not to be in force and virtue until the said Mark Perdue
should be sufficiently paid and satisfied for his trouble in col-
lecting her bonds and notes.    And that Catherine Perdue
should pay out the share of Alexander Dillon to him as neces-
sity compels him to have it, and, at the death of Alexander
Dillon, Catherine Perdue was to have the balance.

The said Nancy Ross lived four years after this transfer by
deed of gift of her entire personal estate, and died, and Mark
Perdue qualified on her estate as administrator, and gave bond
as such, in the penalty of $1,600, on the 2d day of December,
1867.    This suit was brought on the 24th day of September,
1884.    Mark Perdue was living when the suit was brought,
but was ninety-six years old, very decrepit, and soon died.
The answer was filed by his administrator, denying that any
considerable amount of money went into the hands of his
intestate, and admitted that there had been no appraisement
of the estate of Nancy Ross, because there was nothing to
appraise, and admitted that there were some bonds, two in
number, one of the sum of $448, and the other for the sum of
$400, which were insolvent, and could not be collected.

Under the stay law a judgment was recovered for $48 June 1, 1868, one half of which was paid to the Dillons, as their receipts show, which are filed with the answer. And the answer also exhibited, in support of its allegation of insolvency of the bonds in question, an agreement signed by Alexander Dillon, George W. English, who had married Jane Dillon, and Rolent Dillon, dated March 12, 1876, as follows: "Whereas Mark Perdue, of Franklin county, is administrator of Nancy Ross, who deceased this life some time back, leaving some estate to be divided between Catherine Perdue, the wife of Mark Perdue; Alexander Dillon, Rolent Dillon, and Jane English, the wife of George English, all of said county, and we, the said parties, agree that Mark Perdue may make bargains with said debtors, and take such sums as he may see cause to take for said debts, and *receive* for the same; and we, the undersigned, agree to stand to all contracts that said Perdue may make."

It is proved by the deposition of one witness that Mark Perdue, in the lifetime of Nancy Ross, offered to lend him $1,000, which he declined to borrow. This was in 1859 or 1860, but this witness did not know whether the bonds referred to above, and dated in the year 1860, and are payable to Nancy Ross, were the bonds assigned to her May 20, 1860. And the witness says that he heard Mark Perdue say that he kept Nancy Ross' papers tied in a blue string. Another witness says that Mark Perdue told him that he lent out $1,500 of Nancy Ross' to James Leftwich, Thomas R. Reynolds, and Moses C. Greer, and that they took the bankrupt laws on him. Another witness says that old man Asa Dillon asked Mark Perdue for money for Bob Dillon or George English, he could not be certain which, and Mark Perdue said he would pay them $75, but they would not take that. Mark said that he had loaned the money out and had been bankrupted on it, and he did not think he ought to have it all to pay. Another witness says that,

either before the war or since the war, he had this money; he says he thinks about $1,200 or $1,500—somewhere along there. Another witness, who could not remember when it was, says he heard Mark talking about $40 he had given each of his two boys, who had wanted it,· and his wife said it was Nancy Ross' money, and he assented. Another witness said he claimed to have about $1,700. By others it is proved that the obligors in the above-mentioned bonds were insolvent at the time of the death of Nancy Ross, in December, 1867. It is stated by some of the witnesses that Mark Perdue's children had said that they had gotten their share of Nancy Ross' money, but this is contradicted by them. And another witness says Nancy Ross was a very wealthy woman. Another one says that he heard that Nancy Ross had a stocking full of silver and gold. · Nancy Ross was a professional midwife. It is proved that the plaintiffs were poor and in needy circumstances, and some of them old men, one seventy-five and another ninety years old, and that Mark Perdue, during the period between the making of this deed and his death, from 1863 to 1884, was in good circumstances, and always paid his debts.

It was referred to a commissioner for examination and report, and he reported a debt due to the Dillons of $1,700, with $1,734 of interest, aggregating $3,434. The circuit court divided this in half, and decreed that to the Dillons, and the defendant applied for and obtained an appeal to this court.

The first defense set up here is that Nancy Ross gave away in legal form, by a valid deed, her entire personalty before her death, and that there was nothing which could go into the hands of her administrator, as she had no personal estate. The second is that if the court shall not be of opinion that this was the effect of the deed, and that Mark Perdue, as administrator, took anything, notwithstanding the deed, then

that the parties interested, to the extent of one half of the estate, the Perdues, are not made parties, and that it was error to order a sale of the lands of the heirs of Mark Perdue in a suit to which they were not parties, and had never been served with process. And again, that under the *laches* and long neglect of their alleged rights, until Mark Perdue was ninety-six years old, and dying, and until all the evidence which could be adduced was conjectural, and based on the uncertain recollections of loose statements, after the lapse of many years, when any action which the court may take will necessarily be conjectural only, (*Turner's Adm'r* v. *Dillard's Ex'or*, 82 Va. 536,) and if the evidence be true, worthy, and sufficient to evoke judicial action, then that it is proved by the testimony that the bonds of the said Nancy Ross, which constituted the substance of her deed, were insolvent at the time of her death, and admitted to be so by the parties in interest, in writing, who authorized the administrator to accept anything he could get on them, which the evidence shows was nothing.

These defenses appear to be all good defenses, but the first stated is conclusive of the case. The said Nancy Ross having, by valid deed, stripped herself of her entire personalty, and given it by deed of gift to others, there was nothing to pass to her personal representative at the time of her death, and the bill of the plaintiffs should be dismissed. The decree complained of and appealed from here must for these reasons be reversed and annulled, and such decree will be rendered here as the said circuit court ought to have rendered.

DECREE REVERSED.